PAULINE MULLANEY *vs.* COMMISSIONER OF PUBLIC WELFARE (and two companion cases[1]).

Bristol. February 19, 1980. — April 23, 1980.

Present: BROWN, DREBEN, & KASS, JJ.

*Public Welfare,* Emergency assistance payments. *Regulation. Administrative Law,* Regulation.

Under the terms of 42 U.S.C. § 601 et seq. (1976), providing that emergency assistance payments to destitute families with children may be made "not in excess of 30 days in any 12-month period," twelve months must elapse from the time emergency assistance payments are made to a recipient before the recipient is eligible for further emergency assistance; emergency assistance payments are not available to a recipient on an average of once every twelve months. [615-617]

CIVIL ACTIONS in the Superior Court, one commenced on December 28, 1977, and two on January 5, 1978.

[1] Pearl Silva *vs.* Commissioner of Public Welfare and Cynthia Anacleto *vs.* Commissioner of Public Welfare.

The cases were heard by *Black*, J., a District Court judge sitting under statutory authority.

*Emerson R. Marks, Jr.*, for the plaintiffs.

*Paul W. Johnson*, Assistant Attorney General, for the defendant.

KASS, J. These three cases, consolidated on appeal, raise an identical question concerning the permissible frequency of "emergency assistance" payments to destitute families with children. The plaintiffs say payments may be made on an average of once every twelve months; the Commissioner says that twelve months must elapse before a second set of emergency assistance payments may be made. This is not an academic distinction. If thirty days of emergency assistance payments are permissible once every twelve months on an average basis it would be possible, as will appear, to bunch two years of emergency assistance credits in one consecutive twelve-month period. While that might be a rational or possibly desirable result, we do not think it comports with what the governing statutes and regulations require.

Emergency assistance is a public assistance program authorized under Title IV-A of the Social Security Act, 42 U.S.C. § 601 et seq. (1976), under which cooperating States share equally with the Federal government the cost of providing aid on a temporary basis "to avoid destitution . . . or to provide living arrangements" for a "needy child under the age of 21. . . ." 42 U.S.C. § 606(e) (1) (1976). Under the terms of the Federal statute emergency assistance may be furnished "not in excess of 30 days in any 12-month period." *Id.* See *Quern* v. *Mandley*, 436 U.S. 725, 726-729, 739 (1978). In the Commonwealth this aid program is administered by the Department of Public Welfare (the department) pursuant to regulations now appearing in 106 Code Mass. Regs. 309.000 (1978).

Pauline Mullaney first received an emergency assistance payment on December 16, 1976, to meet moving expenses. She applied next for emergency assistance on September 14, 1977 (i.e., within ten months of when she had last received

emergency assistance), and was denied assistance on the ground of ineligibility because twelve months had not run since her previous emergency assistance payment.[2]

Pearl Silva received emergency assistance on June 27 and July 20, 1977 (more than one payment — or assistance in kind — may be authorized during the thirty days following initial authorization of an emergency assistance payment), and was refused additional assistance when she applied for it on August 22, 1977.

Cynthia Anacleto received authorization for emergency assistance in January, 1977, and was refused additional assistance when she applied for it on August 19, 1977.

All these claimants appealed from the denials of emergency assistance to a Welfare Appeals Referee, and in each instance relief was denied for the reason that each had received emergency assistance during the preceding twelve months. Thereupon the plaintiffs sought review under G. L. c. 30A, § 14, and a declaration of their rights under G. L. c. 231A. Judgment was entered for the defendant in each case. The judge made no declaration of rights as such.

In contesting these refusals of emergency assistance, the plaintiffs rely on language which appeared in State Letter 370, issued July 15, 1975, by which the department revised its Public Assistance Policy Manual, in part to implement policy changes not material to this case. The letter, under the caption heading "Duration and Scope of Assistance," provided that: "Emergency Assistance is limited to one period of thirty consecutive days in any twelve consecutive months." Massachusetts Public Assistance Policy Manual, Chapter I, § G, at 2, par. III. Focusing on the words "any twelve consecutive months," the plaintiffs contend that the words "any" and "consecutive" compel the conclusion that the twelve months could be calculated backwards and forwards from the date on which emergency assistance is received. So, for example, Mullaney says she may count back

---

[2] An exception to the twelve-month rule for need arising out of a disaster, e.g., fire, flood, earthquake, did not apply in any of the three cases.

twelve months from December 16, 1976, when she received emergency assistance to compute an eligibility period; providing always, that she did not receive other emergency assistance in that period and was otherwise eligible for such assistance. Such appear to have been the facts in her case. Thereupon, she could start a new twelve-month period running. As a consequence, although two periods of emergency assistance might occur back to back, they could not occur more frequently than once every twelve months on the average. This interpretation, the plaintiffs argue, affords desirable administrative flexibility, because while it honors the congressional limit of 42 U.S.C. § 606 (e) (1) (1976), it makes it possible to furnish assistance when it is needed, rather than waiting for twelve months to run.

We find the plaintiffs' reading and analysis of State Letter 370 a good deal less compelling than they claim. At most, as originally issued, State Letter 370 suffered from a touch of ambiguity, a defect which was cured two days later by the release of a clarification, published as State Letter 370A. That letter of clarification said there was to be "no change in the classification of chronological eligibility; if the family has received Emergency Assistance in any one of the previous 12 consecutive months, they are ineligible for Emergency Assistance." The plaintiff seeks to avoid the impact of the letter of clarification by standing on the principle that agencies may not interpret their own rules in a manner inconsistent with the plain terms of the rule itself. *Finkelstein* v. *Board of Registration in Optometry*, 370 Mass. 476, 478 (1976). *Detroit Edison Co.* v. *United States Environmental Protection Agency*, 496 F.2d 244, 248-249 (6th Cir. 1974). That principle, however, is hardly apt because the department's interpretation does not do violence to the underlying text; rather it is consistent with the text's more obvious reading. In those circumstances the appropriate practice for us is to give the agency's interpretation of its own rule great weight. *Finkelstein, supra,* at 478, and cases cited. 2 Davis, Administrative Law § 7:22 (2d ed. 1979).

It is instructive to observe that in a subsequent refinement of its Public Assistance Policy Manual, effected by State Letter 436 published October 13, 1977,[3] the department further refined its language concerning frequency of assistance by providing: "If EA has been authorized for the family in any one of the 12 consecutive months previous to the date of application they are ineligible." This language now appears in 106 Code Mass. Regs. 309.040, par. 1 (1978).

The decisions of the department's referees were rightly affirmed. The judge should, however, have declared the rights of the parties. *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare*, 368 Mass. 15, 31-32, cert. denied, 423 U.S. 929 (1975). Therefore, the judgments are to be modified to include a declaration that each of the plaintiffs is ineligible for emergency assistance if emergency assistance has been authorized for her family in any one of the twelve consecutive months previous to the date of application, and, as thus modified, the judgments are affirmed.

*So ordered.*

---

[3] We are not unaware that this date falls after the denial of the plaintiffs' requests for emergency assistance which are at issue in this case.